UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NATARAJAN VENKATARAM

                                                               11 CIV 6503 (RPP)
                                Petitioner,            11 CIV 8005 (RPP)
                                                               06 CR 102    (RPP)

      -against-

                                                                **OPINION AND ORDER**

UNITED STATES OF AMERICA,
                              Respondent.
------------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

In two separate actions—a 28 U.S.C. § 2255 motion to vacate, set aside, or correct the sentence entered against him in Case No. 11 CIV 6503 and a petition for a writ of error coram nobis[1] in Case No. 11 CIV 8005—Petitioner Natarajan Venkataram ("Venkataram"), pro se, has filed a motion to compel the production of a "certain agreement" entered into by the Government and by Venkataram's business associate D.V.S. Raju in June 2007. (Compare Mot. to Compel Produc. (the "§ 2255 Compel Mot."), May 4, 2012, 11 CIV 6503, ECF No. 14 with Mot. to Compel Produc. & for Extension of Time to Resp. (the "Coram Nobis Compel Mot."), May 30, 2012, 11 CIV 8005, ECF No. 13.) Venkataram purports that this document, referred to herein as the "U.S./D.V.S. Raju Agreement," memorializes D.V.S. Raju's agreement to return to the City of New York $6.12 million in funds which Venkataram illegally transferred between 2002 and 2005 to D.V.S. Raju and to Visualsoft Technologies, Ltd.—a company for which D.V.S. Raju

---

[1] Venkataram, pro se, initially filed this action under 42 U.S.C. § 1983 seeking monetary damages from the Government. (Compl., 11 CIV 8005, ECF No. 1.) By Order dated December 6, 2011, however, this Court dismissed Venkataram's claims against the United States for monetary damages and construed the remainder of the complaint as seeking the return of more than $400,000 pursuant to Rule 41(g) of the Federal Rules of Civil Procedure. (Order to Answer, Dec. 6, 2011, 11 CIV 8005, ECF No. 5.) But then, on December 7, 2011, Venkataram filed an amended complaint, which did not appear to be seeking relief under Rule 41(g). (Am. Compl., 11 CIV 8005, ECF No. 6.) Therefore, by order dated January 6, 2012, this Court interpreted Venkataram to be seeking coram nobis relief. (Superseding Order to Answer at 2, Jan. 6, 2012, ECF No. 8.)

1

served as Chairman of the Board and Chief Executive Officer in Hyderabad, India.[2]  (See Gov't Mem. in Opp'n to § 2255 Mot. ("Gov't Mem.") Ex. 4 (Aff. of Andrew S. Dember ("Dember Aff.") dated Feb. 3, 2010), 11 CIV 6503, ECF No. 9.)  Venkataram asserts, without any supporting grounds, that the agreement between the United States and D.V.S. Raju and Visual Soft Technologies is "critical" to the ineffective assistance of counsel claims which he has brought in his § 2255 Motion.  Specifically, Venkataram alleges without explanation that, had he known about the U.S./D.V.S. Raju Agreement, he would never have pleaded guilty.  (See § 2255 Compel Mot. at 3; see also Supplemental Mem. at 9-10.)  Venkataram also argues that the agreement is essential to the development of his Coram Nobis Petition on the basis that he was denied due process by not having had "the opportunity" before entering his guilty plea on July 16, 2008 "to determine how much money [had been] improperly retained by [D.V.S.] Raju (with the Government's acquiescence)."  (Coram Nobis Compel Mot. at 2.)

I.     **Legal Standard**

A habeas petitioner like Venkataram in Case No. 11 CIV 8503 is "not entitled to discovery as a matter of ordinary course."  Bracy v. Gramley, 520 U.S. 899, 904 (1997).  Rule 6(a) of the Rules Governing Section 2255 Proceedings provides, however, that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."  To show good cause, a petitioner must state "specific allegations that provide reason to believe that

---

[2] In June 2007, the City of New York entered into a civil settlement agreement with D.V.S. Raju and Visualsoft Technologies that was separate from the federal agreement that Venkataram now seeks to compel.  (See Supplemental Mem. in Supp. of § 2255 Mot., Ex. 1 ("Settlement Agreement"), 11 CIV 6503, ECF No. 7.)  As part of this settlement agreement with the City of New York, D.V.S. Raju and Visualsoft agreed to return $6.12 million to the City, and in exchange, the City agreed to dismiss its civil action against D.V.S. Raju and Visualsoft Technologies.  (Id.; see also Dember Aff. ¶ 4.)  Through a FOIA request, Venkataram has obtained a copy of the civil settlement agreement with the City of New York.  (See Mot. for Leave to File Supplemental Mem. in Supp. of § 2255 Mot., 11 CIV 6503, ECF No. 6.)

the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908.

Because of the similarities between Section 2255 proceedings and coram nobis proceedings, the Second Circuit has determined that "the Section 2255 procedure often is applied by analogy in coram nobis cases." United States v. Mandanici, 205 F.3d 519, 527 (2d Cir. 2000) (quoting Fleming v. United States, 146 F.3d 88, 90 n.2 (2d Cir. 1998) (internal quotation marks omitted)).  Therefore, this Opinion will apply the standard for ordering discovery under Section 2255 proceedings to the Coram Nobis Petition at issue in Case No. 11 CIV 8005.

## II.   Analysis

Venkataram has not shown "good cause" or otherwise met his heavy burden to justify discovery in connection with his § 2255 Motion or with his Coram Nobis Petition.  Indeed Venkataram has supplied no ground to show why he is entitled to discovery of the U.S./D.V.S. Raju Agreement.  Venkataram also fails to explain how the undisclosed agreement between the United States and D.V.S. Raju could have caused an involuntary or unknowing guilty plea by him.  Cf. North Carolina v. Alford, 400 U.S. 25, 31.  (1970) (A guilty plea must be a "voluntary and intelligent choice among the alternative courses of action open to the defendant.

Prior to Venkataram's Change of Plea Hearing, the Government sent Venkataram's counsel a Pimentel letter setting forth the Government's position regarding the application of the Sentencing Guidelines to Venkataram's case.  (See Gov't Mem. Ex. 1 ("Pimentel Letter dated Oct. 25, 2007").)  This letter stated that, as part of the proceeds traceable to the commission of Venkataram's offenses, the Government was seeking restitution and forfeiture of "at least" $9 million as well as forfeiture of substitute assets.  (Id. at 1.)  At Venkataram's Change of Plea Hearing, the Court advised Venkataram that he might have to pay "in excess of $9 million" as

forfeiture to the Government.  (Tr. of Change of Plea H'rg at 11, Oct. 30, 2007.)  Also during the hearing, the Court discussed with Venkataram's counsel and with Venkataram present the consequences of pleading guilty to the counts as charged in the Indictment and the maximum sentence of imprisonment which Venkataram faced under each count.  (Id. at 6-11.)  On the basis of this plea colloquy, the Court found that Venkataram's guilty plea was "knowing and voluntary" and supported by independent bases in fact.  (Id. at 51.)

Prior to Venkataram's Sentencing Hearing, the Government also sent the Court a letter stating that, "[a]s a result of the efforts of this Office and New York City officials, the Government has recovered the $6.12 million in funds that Venkataram embezzled and wire-transferred to Visualsoft Technologies."  (See Letter from the Gov't at 7, July 9, 2008, ECF No. 27.)  By subtracting this $6.12 million from the calculated loss amount of $9,090,072, the Government further calculated in its letter that the amounts of restitution and forfeiture should be $2,970,072.  (See id. at 5-7.)  In addition, at Venkataram's Sentencing Hearing, the Government notified the Court that D.V.S. Raju and Visualsoft Technologies had returned $6.12 million to the City of New York.  (Tr. of Sentencing Hr'g at 158, July 11, 2008.)  Accordingly, the Court applied this reduction to the total calculated loss amount of $9,090,072, and ordered Venkataram to pay restitution and forfeiture of $2,970,072.  (See Final Order of Forfeiture, Oct. 17, 2008, 06 CR 102, ECF No. 754; see also Presentence Report at 38.).

Therefore, because Venkataram had caused the transfer of funds to D.V.S. Raju and Visualsoft Technologies and because Venkataram was aware at sentencing of the amount of funds returned to the City of New York, he knew at his sentencing if any shortfall in funds delivered to the City by D.V.S. Raju and Visualsoft Technologies had occurred and could seek any recovery in India.  Both Venkataram and his attorney thus had adequate notice at the

4

sentencing hearing to request any change in forfeiture or restitution amounts ordered by the Court. Accordingly, Venkataram was not prejudiced by the Court's order entering a forfeiture and restitution judgment against him for $2,970,072. Moreover, on appeal, the Second Circuit concluded that this Court had made a "reasonable" estimate in calculating the amount of loss for the purposes of Venkataram's sentence and judgment.[3] See United States v. Venkataram, 356 F. App'x 541, 543-44 (2d Cir. 2009).

As the Government argues, "the only aspect of the [U.S./D.V.S. Raju A]greement that impacted Venkataram was the requirement that D.V.S. Raju effect the return of the stolen $6.12 million that Venkataram sent to [D.V.S. Raju] and [D.V.S. Raju's] company Visualsoft Technologies," which reduced the amount Venkataram owed in restitution and forfeiture by $6.12 million. (Gov't Letter in Opp'n to § 2255 Compel Mot. (Gov't Letter) at 3, 11 CIV 6503, ECF No. 17.) As opposed to the civil settlement agreement between D.V.S. Raju and the City of New York, the U.S./D.V.S. Raju Agreement was at best collateral to Venkataram's guilty plea and had no effect on the terms of his punishment.

Contrary to Venkataram's arguments, Venkataram was not, and is not, entitled to discovery of the U.S./D.V.S. Raju Agreement under Rule 16 if the Federal Rules of Criminal Procedure because the U.S./D.V.S. Raju Agreement was not, and is not, exculpatory in nature. Accordingly, there was no requirement that the Government disclose the agreement to Venkataram or to Venkataram's counsel. Cf. Brady v. Maryland, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material . . . .") (emphasis added). Here, as the Government

---

[3] The Second Circuit also affirmed Venkataram's sentence of imprisonment, but it did modify the terms of Venkataram's supervised release from five years to the statutory maximum of three years. See Venkataram, 356 F. App'x at 543-44.

points out, "[h]ad Venkataram chosen to go to trial rather than plead guilty, he would have only been entitled to disclosure of the [U.S./D.V.S. Raju A]greement as Giglio material had the Government called Raju as a witness." (Gov't Letter at 4); see also Giglio v. United States, 405 U.S. 150, 153 (1972) ("When the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within th[e] general rule" that the suppression of material evidence justifies a new trial.) (internal quotation marks omitted).

Finally, at the time of Venkataram's Change of Plea Hearing, the proceeds of some of his embezzlement and laundering activities were held in India at bank accounts with Citibank in Mumbai and the State Bank of India in Bangalore. Following this Court's issuance of an Order of Forfeiture on October 17, 2008, Citibank wired $596,332 to the United States Marshals Service for restitution to the City of New York. (See Gov't Letter in Opp'n to Coram Nobis Compel Mot. at 2, 11 CIV 8005, ECF No. 15.) Venkataram's Coram Nobis Petition in 11 CIV 8005 is focused on the seizure of these particular funds, and not to the $6.12 million that D.V.S. Raju agreed to return to the City of New York in June 2007. Thus, the U.S./D.V.S. Raju Agreement has no relevance to the relief that Venkataram seeks in his pending Coram Nobis Petition.

### III.    Conclusion

For the reasons discussed above, Venkataram's motion to compel (ECF No. 17) in Case No. 11 CIV 6503 is DENIED. Any reply by Venkataram to the memorandum in opposition to Venkataram's § 2255 Motion (ECF No. 9) filed by the United States Attorney for the Southern District of New York should be submitted by February 8, 2013. If, by this date, a reply has not

been served or a request for an extension of time has not been made, the Court will consider the matter fully briefed.

In Case No. 11 CIV 8005, Venkataram's motion to compel production (ECF No. 13) is also DENIED. Any reply by Venkataram to the memorandum in opposition to Venkataram's Coram Nobis Petition (ECF No. 11) filed by the United States Attorney for the Southern District of New York should be submitted by February 15, 2013. If, by this date, a reply has not been served or a request for an extension of time has not been made, the Court will consider the matter fully briefed.

IT IS SO ORDERED.

Dated: New York, New York
January 23, 2013

Robert P. Patterson, Jr.
U.S.D.J.

**Copies of this Opinion and Order were sent to:**

*Pro Se Petitioner*

Natarajan Venketaram (# 58513-054)
Federal Correctional Institution Camp -- Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640


*Counsel for the United States of America*

Andrew S. Dember
Office of the United States Attorney
One Saint Andrew's Plaza
New York, NY 10007