UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NATARAJAN VENKATARAM

                                      Petitioner,

      -against-

11 CV 6503 (RPP)
11 CV 8005 (RPP)
06 CR 102   (RPP)

**OPINION AND ORDER**

UNITED STATES OF AMERICA,
                                  Respondent.
------------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

On September 12, 2011, Natarajan R. Venkataram ("Venkataram"), pro se, submitted a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (Pet'r's Mem. in Supp. of Mot. to Vacate, Set Aside, or Correct Sentence ("Pet'r's Mem."), 11 CV 6503, ECF No. 2.) Venkataram also submitted a petition for coram nobis relief in a separate action. (Compl., Nov. 7, 2011, 11 CV 8005, ECF No. 1.) This Court denied Venkataram's § 2255 petition and his coram nobis petition on September 20, 2013. (See Op. & Order, 11 CV 6503, ECF No. 29.)

On November 4, 2013, Venkataram submitted an application for an extension of time to respond to the September 20 Opinion and Order. (Motion to Extend Time to File Notice of Appeal, ECF No 31.) Because Venkataram did not receive notice of the Opinion and Order, this Court ordered that Venkataram would not be penalized for his failure to raise a motion for reconsideration in a timely manner and that he would be given time to review the Court's ruling. (See Endorsed Letter, Nov. 7, 2013, ECF No. 32.) Venkataram received a copy of the Opinion and Order, and submitted a motion for reconsideration on November 19, 2013. (Letter re United States v. Venkataram ("Mot. for Reconsideration Letter"), ECF No. 36.)

1

The standard for granting a motion for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusions reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Because Venkataram has not raised any new issues that merit reconsideration, his motion for reconsideration is DENIED.

## DISCUSSION

### *1. The Court cannot reconsider its September 20 Opinion and Order based on Venkataram's argument that he was unconstitutionally denied a "third point" sentencing reduction for acceptance of responsibility*

In Venkataram's letter, he first addresses the "third point" for acceptance of responsibility, which may be granted pursuant to Sentencing Guidelines § 3E1.1(b), but which Venkataram did not receive in his sentencing. (See Mot. for Reconsideration Letter at 1.) Venkataram argues that the sentencing court should have "exercised it[s] authority and overruled the government's attempt to [] deny [him] the third point." (Mot. for Reconsideration Letter at 1.) He asks the Court to reconsider its conclusion that "Venkataram was not entitled to the third point for acceptance of responsibility and cannot challenge his sentence on this ground." (Op. & Order at 15-16.)

Venkataram relies on two Second Circuit cases, United States v. Lee, 653 F.3d 170 (2d Cir. 2011) and United States v. Sloley, 464 F.3d 355 (2d Cir. 2006), both which held that a government motion is a necessary prerequisite to the granting of a third point reduction in the offense level calculation based on acceptance of responsibility. See Lee, 653 F.3d at 173. A sentencing court is permitted to grant the additional point reduction despite the absence of a government motion in only two circumstances: "(1) where the government's refusal to move is

based on an unconstitutional motive, or (2) where a plea agreement leaves the decision to move to the government's discretion and the government acts in bad faith." Id. (citing United States v. Sloley, 464 F.3d 355, 359 (2d Cir. 2006)).

Venkataram argues that the Government acted in bad faith by declining to move for an additional point reduction because he believes that, in his case, "there was no intervening period [prior to his decision to plead] within which [the Government's] trial preparation could have taken place," and therefore his guilty plea on October 30, 2007 permitted the Government to avoid preparing for trial. (Mot. for Reconsideration Letter at 1.) However, the Government had communicated to Venkataram, through letter to his counsel on October 12, 2007, that the Government was already engaged in its preparation for trial and would only consider moving for the third point for acceptance of responsibility if Venkataram pled guilty on or before October 25, 2007, four weeks prior to Venkataram's trial date. (See Mem. of Law in Opp'n to Venkataram's Mot. ("Gov't Mem.) at 84-85; Gov't Mem., Ex 2, Oct. 12, 2007 Letter to Alan Seidler, Esq. ("Oct. 12 Letter") at 1.) It is undisputed that Venkataram did not plead guilty until October 30, 2007, and the Government asserts that it was not notified until after October 25, 2007 that Venkataram would plead guilty. (See Gov't Mem., Ex. 4, Affirmation of Andrew S. Dember, Asst. U.S. Att'y ("Dember Affirmation") at ¶ 5.)

Venkataram's motion presents no grounds for concluding that the Government acted in bad faith or that the Government had an unconstitutional motive in declining to move for the third point reduction. The situation here is distinct from the situation in Lee, where the Second Circuit found that the Government acted in bad faith when it refused to move for the third point reduction on the grounds that it had been required to prepare for a Fatico hearing, but did not assert that it had begun preparing for trial. Lee, 653 F.3d at 173. This Court could not have

3

granted Venkataram an additional point reduction, absent a Government motion, because the Government was engaged in preparing for trial, cf. id., and Venkataram did not plead guilty on or before October 25, 2007, but on October 30, 2007. (See Dember Affirmation at ¶ 5; Oct. 12 Letter at 1.) Accordingly, this Court will not reconsider its determination that Venkataram was not entitled to the additional reduction. Furthermore, questions about the third point for acceptance of responsibility were already litigated by the Second Circuit, and this Court is barred from reconsidering them in a habeas petition, absent an intervening change in the law. See United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001).

### 2. *The Court cannot reconsider its Opinion and Order based on Venkataram's argument that he was erroneously denied a Monsanto hearing*

Venkataram also argues that the Court should reconsider its conclusion that Venkataram was not erroneously denied a Monsanto hearing. (See Op. & Order at 9-10.) A criminal defendant is entitled to a Monsanto hearing, an evidentiary hearing to determine if his assets were improperly restrained, if he makes a threshold showing that he has been left with insufficient assets to fund counsel of choice in his criminal case. See United States v. Monsanto, 924 F.2d 1186 (2d Cir. 1991). In his motion for reconsideration, Venkataram argues that the Court erroneously concluded that Venkataram was not entitled to such a hearing in its September 20, 2013 Opinion and Order because the Court overlooked Venkataram's sworn declaration that he "needed $1 million to retain [his] counsel of choice to try the case (naming firms)." (See Mot. for Reconsideration Letter at 2.)

Venkataram is wrong, however, when he argues that such a recitation is sufficient to show his entitlement to a Monsanto hearing. In United States v. Bonventre, 720 F.3d 126, 131-32 (2d Cir. 2013), the Second Circuit held that entitlement to such a hearing "requires *more than a mere recitation*; the defendant must make a sufficient evidentiary showing that there are no

4

sufficient alternative, unrestrained assets to fund counsel of choice." Id. at 131 (emphasis added). The defendant's right to a Monsanto hearing "is not implicated unless the restraint [on a defendant's assets] *actually affects the defendant's right to choose counsel and present a defense* . . . if a defendant has sufficient unrestrained assets with which to fund his or her defense, the concerns that animated [the Second Circuit's] holding in Monsanto are not present." Id. (emphasis added).

Here, where Venkataram was able to afford and retained a number of attorneys, some well-known, prior to his plea, the concerns that animated the Second Circuit's holding in Monsanto are not present. See id. Under this circumstance, Venkataram could not have made a showing that he was entitled to a Monsanto hearing, nor did he request an evidentiary hearing or attempt to argue that he was being deprived of counsel of his choosing prior to his guilty plea. Accordingly, the Court cannot reconsider its determination that Venkataram was not unconstitutionally deprived of his right to counsel of choice or grant Venkataram's habeas petition on this ground.

### 3. *The Court cannot reconsider whether Venkataram's plea was knowing and voluntary on the basis of alleged Brady and Giglio violations*

Venkataram finally asks the Court to reconsider whether his guilty plea was knowing and voluntary. (Mot. for Reconsideration Letter at 2.) Venkataram argues that the terms of the City of New York's settlement agreement with D.V.S. Raju (through which D.V.S. Raju agreed, among other things, to return the $6.12 million that Venkataram stole and had wire-transferred to India) were not disclosed to him. (Id.) He argues that the Government's failure to disclose these terms constituted violations of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), and that his guilty plea was not knowing and voluntary because he lacked this information. However, the terms of the D.V.S. Raju Agreement do not constitute

5

Brady or Giglio material, and, importantly, the terms of the Agreement did not have a "definite, immediate, and largely automatic effect" on the range of Venkataram's punishment. See Wilson v. McGinnis, 413 F.3d 196, 198-99 (2d Cir. 2005) (A guilty plea is considered voluntary and intelligent if the defendant enters the plea with "full awareness of its direct consequences" . . . direct consequences are those that have a "definite, immediate, and largely automatic effect on the range of the defendant's punishment") (internal citations and quotations omitted). Because the City's settlement agreement with D.V.S. Raju did not have a "definite, immediate, and largely automatic effect" on Venkataram's punishment, the fact that it was not disclosed did not render Venkataram's guilty plea involuntary. See id. Furthermore, the Court fully addressed the voluntariness of Venkataram's guilty plea in its September 20 Opinion and Order (see Op. & Order at 13.), and because Venkataram has not pointed to any "controlling decisions or data that the court overlooked" related to this issue, the Court cannot reconsider its denial of Venkataram's habeas petition on this basis. See Shrader, 70 F.3d at 257.

## CONCLUSION

For the foregoing reasons, Venkataram's motion for reconsideration is DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Further, and as the Court noted in its November 6, 2013 Order, because Venkataram's petitions for habeas and coram nobis relief made no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. (Order Denying Mot. for Certificate of Appealability, ECF No. 33.)

IT IS SO ORDERED.

Dated: New York, New York
December 11, 2013

                                                                                    _____
                                                                                    Robert P. Patterson, Jr.
                                                                                    U.S.D.J.

**Copies of this order were mailed or faxed to:**

Natarajan Venkataram
58513-054
FCI Fort Dix
P.O. Box 2000
Fort Dixx, NJ 08640

Andrew Dember
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007
Fax: (212) 637-2937